UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 384 HARTFORD ROAD, LLC, : | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:24-CV- 00584 (JCH) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES LIABILITY | : | DECEMBER 9, 2024 |
| INSURANCE COMPANY, | : | |
| Defendant. | : | |

**RULING ON MOTION TO STRIKE (DOC. NO. 20)**

**I.    INTRODUCTION**

The plaintiff, 384 Hartford Road LLC ("Hartford Road"), brings this action under Connecticut law, pursuant to this court's diversity jurisdiction, against the defendant, United States Liability Insurance Company ("USLI"). The plaintiff alleges that the defendant breached the parties' insurance contract. See Complaint ("Compl.") (Doc. No. 1-1). The defendant alleges, in its counterclaim, that the plaintiff made material misrepresentations such that the defendant need not honor the terms of the insurance policy. See Answer, Counterclaim (Doc. No. 16).

Before this court is Hartford Road's Motion to Strike four of eight Affirmative Defenses filed by USLI in its Answer. See Plaintiff's Motion to Strike ("Pl.'s Mot.") (Doc. No. 20). USLI opposes the Motion. See Defendant's Opposition to Plaintiff's Motion to Strike ("Def.'s Opp'n") (Doc. No. 23).

For the reasons set forth below, the Motion is granted.

**II.    BACKGROUND**

On March 4, 2024, Hartford Road filed suit against USLI in the Connecticut Superior Court. See Compl. Hartford Road's Complaint alleges that USLI breached its insurance contract by failing to compensate Hartford Road for property damages

1

sustained as a result of a fire.  See id.  USLI removed the case to federal court on April 3, 2024, see Notice of Removal (Doc. No. 1), and filed its Answer with Counterclaims and Affirmative Defenses on April 11, 2024.  See Answer.

On May 1, 2024, Hartford Road moved to strike USLI's Second, Sixth, Seventh, and Eighth Affirmative Defenses.  See Pl.'s Mot.  USLI filed its Opposition to the Motion on May 22, 2024.  See Def.'s Opp'n.  The Second Affirmative Defense alleges "that the [p]laintiff's claims are barred in whole or in part by the terms, exclusions, conditions, and limitations in Commercial Package Policy No. CP 1780470A."  Answer at 3.  The Sixth Affirmative Defense alleges that "[t]he [p]laintiff's claims should be dismissed against the [d]efendant to the extent that they are barred by the Doctrine of Waiver."  Id. at 4.  The Seventh Affirmative Defense alleges that "[t]he [p]laintiff's claims should be dismissed against the [d]efendant to the extent that they are barred by the Doctrine of Estoppel."  Id.  Finally, the Eighth Affirmative Defense alleges that "[i]f the acts or omissions alleged by Plaintiff were committed, if at all, it was by persons or entities for whose conduct USLI was not and is not legally responsible."  Id.

### III.   LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a court "may strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  An affirmative defense may be stricken if (1) "it does not meet 'the plausibility standard of Twombly'"; (2) "'it is a legally insufficient basis for precluding a plaintiff from prevailing on its claims;'" or (3) "it prejudices the defendant and it is 'presented beyond the normal time limits of the Rules.'"  Haber v. Bankers Standard Ins. Co., No. 19-CV-276, 2019 WL 7343397, at *1 (D. Conn. Dec. 31, 2019) (quoting GEOMC Co. v. Calmare Therapeutics Inc., 918 F.3d 92, 98–99 (2d Cir. 2019)).

Applying the plausibility standard, as articulated in Twombly and Iqbal, is a "context-specific task" in which the fact "that an affirmative defense, rather than a complaint, is at issue . . . is relevant to the degree of rigor appropriate for testing the pleading of an affirmative defense." GEOMC Co., 918 F.3d at 98. "In addition, the relevant context will be shaped by the nature of the affirmative defense" and whether the facts needed to buttress it are "readily available." Id. Under Twombly and Iqbal, the court does not credit "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Instead, the pleading "must contain sufficient factual matter," which, "accepted as true," would render a claim facially plausible. Id. at 678.

## IV.    DISCUSSION

Hartford Road moves to strike USLI's Second, Sixth, Seventh, and Eighth Affirmative Defenses, arguing that each defense fails to meet the requisite plausibility standard "because they lack allegations of fact that would be readily available to the [d]efendant[ ] if such facts existed." See Pl.'s Mot. at 4. The court addresses each of these Affirmative Defenses in turn.

### A.    Second Affirmative Defense

The Second Affirmative Defense, as pled, is insufficient because it fails to identify the provision, or provisions, of Insurance Package Policy Number CP 1780470A that supposedly bar or limit Hartford Road's claims. See GEOMC Co., 918 F.3d at 99; Haxhe Properties, LLC v. Cincinnati Ins. Co., No. 3:20-CV-01594 (KAD), 2021 WL 2291101, at *4 (D. Conn. June 4, 2021) (striking an affirmative defense that fails to "tie[ ] the allegations to a specific exclusion in the Policy"). Because USLI has failed to

3

reference any specific provision, or provisions, of the policy, Hartford Road does not have sufficient notice as to the bases of USLI's defense. Accordingly, Hartford Road's Motion to Strike the Second Affirmative Defense is granted, without prejudice to USLI filing an Amended Answer.

  B. <u>Sixth and Seventh Affirmative Defenses</u>

USLI's Sixth and Seventh Affirmative Defenses are also insufficiently pled. <u>See</u> Answer at 3 ("The [p]laintiff's claims should be dismissed against the [d]efendant to the extent that they are barred by the Doctrine of Waiver."); <u>Id.</u> ("The [p]laintiff's claims should be dismissed against the [d]efendant to the extent that they are barred by the Doctrine of Estoppel."). Although the court recognizes that USLI lacks the benefit of discovery, it must provide some factual support for these defenses, nonetheless. <u>See</u> <u>Silva v. Hornell Brewing Co.</u>, No. 20-CV-756 (ARR) (PK), 2020 WL 8079823, at *4 (E.D.N.Y. Dec. 1, 2020) ("the bare, boilerplate statement that '[p]laintiff's claims are barred by the doctrine of estoppel,' without offering any factual basis in support," fails to satisfy the standard described in <u>GEOMC Co</u>.). The Motion to Strike the Sixth and Seventh Affirmative Defenses is granted without prejudice to USLI filing an Amended Answer.

  C. <u>Eighth Affirmative Defense</u>

For similar reasons, USLI's Eighth Affirmative Defense is insufficient because it fails to provide some factual basis for the assertion that USLI is not liable to Hartford Road because any conduct was undertaken "by persons or entities for whose conduct UNLI was not and is not legally responsible." Answer at 4. USLI must offer some factual basis for this assertion, but it has failed to do so. <u>See</u> <u>Coach, Inc. v. Kmart Corps.</u>, 756 F. Supp. 2d 421, 425 (2d Cir. 2010) ("conclusory assertions, absent any

supporting factual allegations are insufficient as a matter of law and fail to provide a plaintiff with any notice as to how the defense applies to the plaintiff's claims."); Haxhe, 2021 WL 2291101, at *4 (vague allegations regarding the actions of unspecified third parties "undermine[ ] the factual and legal sufficiency" of an affirmative defense).  As a result, the Motion to Strike the Eighth Affirmative Defense is granted without prejudice to USLI filing an Amended Answer.

### V.    CONCLUSION

For the reasons stated above, the court grants the plaintiff's Motion to Strike (Doc. No. 20).  Accordingly, the defendant's Second, Sixth, Seventh, and Eighth Affirmative Defenses are stricken.  The court grants the defendant leave to refile its Answer with amended Affirmative Defenses, in accordance with this Ruling, within twenty-one (21) days from the filing of this Ruling.

**SO ORDERED.**

Dated at New Haven, Connecticut this 9th day of December 2024.

      /s/ Janet C. Hall
Janet C. Hall
United States District Judge